UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-                                                Case number 10-20737
                                                      Honorable Julian Abele Cook, Jr.

LAWANDA WHITEHEAD,

    Defendant.

## ORDER

In a multi-count indictment that was filed on November 1, 2012, a grand jury charged the Defendant, Lawanda Whitehead, with (1) two counts of mail fraud in violation of 18 U.S.C. § 1341 and (2) one count of conspiracy in violation of 18 U.S.C. § 1349. Before the Court is Whitehead's motion to dismiss the charges against her on double jeopardy grounds. The Court held a hearing on February 26, 2013 at which counsel was instructed to file supplemental briefing to address the question of collateral estoppel. Whitehead filed her supplemental brief on April 8, 2013. The Government filed its response on May 29, 2013.

I.

In the case currently pending before this Court, Whitehead is charged with (1) two counts of mail fraud and (2) one count of conspiracy. These charges arise out of her alleged involvement in a criminal scheme affecting the Auto Club Insurance Association ("AAA") and Comerica Bank that occurred from June 2003 through 2006. The indictment alleges that Whitehead and her co-

defendants devised a scheme to defraud AAA and Comerica Bank by fraudulently obtaining car insurance. In particular, (1) count nine alleges that in June of 2005, Whitehead and her co-defendant Chico Ferguson fraudulently caused AAA to mail an insurance policy for a 2001 Mercury Sable; (2) count ten asserts that in July of 2005, Whitehead and Ferguson fraudulently caused AAA to mail a declaration of insurance for a 2004 Ford Taurus; and (3) count sixteen claims that from June 2003 through 2006, Whitehead and seven co-defendants conspired to defraud AAA and Comerica.

In a prior criminal matter before Judge Steeh, *United States v. Lawanda Whitehead*, No. 10-20738, Whitehead was charged with (1) two counts of mail fraud and (2) one count of conspiracy. That indictment alleged that Whitehead devised a scheme to defraud AAA and Enterprise Rent-A-Car by fraudulently obtaining car insurance. The first count of mail fraud accused Whitehead of fraudulently causing Citizens Insurance to mail her a check for $14,404.34 The second count of mail fraud charged Whitehead with having fraudulently caused Citizens Insurance to mail "ES" a check for $4,345.26. The Government contends that this alleged conspiracy occurred between June 2003 and late January or February of 2006. The jury acquitted Whitehead of count two of mail fraud and the conspiracy charge. However, a mistral was declared when the jury was unable to reach unanimity as it related to count one of the mail fraud charge.

II.

The double jeopardy clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Const., amend. V. The double jeopardy clause protects two interests. First, that "the state with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing

2

state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green v. United States*, 355 U.S. 184, 187-88 (1957). Second, the double jeopardy clause preserves the finality of judgments. *Crist v. Bretz*, 437 U.S. 28, 33 (1978).

The double jeopardy clause precludes the Government from relitigating any issue of ultimate fact necessarily decided by a jury's acquittal in a prior trial. *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). This is known as collateral estoppel. *Id*. at 443. Collateral estoppel stands for the principle that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Id*. at 443.

When a claim of collateral estoppel under the double jeopardy clause is raised, the Court should "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Id* at 444. Counts on which the jury does not reach a verdict are not part of the record for collateral estoppel analysis. *Yeager v. United States*, 557 U.S. 110, 121 (2009).

A defendant arguing for collateral estoppel has the burden of proving by clear and convincing evidence that the fact sought to be foreclosed was necessarily and actually determined by the jury against the government in the prior trial. *Dowling v. United States*, 493 U.S. 342, 350-51 (1990). "Indeed, it is very difficult to determine the basis for an acquittal. An acquittal need not be based on any jury factual finding, as acquittal based on jury lenity can attest. Unless it can be said with definite assurance, and by clear evidence, that the jury found a fact in the defendant's favor, which is also a necessary element of the crime sought to be reprosecuted, *Ashe* will not assist a criminal defendant." *United States v. Benton*, 852 F.2d 1456, 166 (6th Cir.) *cert. denied*, 488 U.S.

3

993 (1988). Application of the collateral estoppel doctrine is premised on the assumption that the jury acted rationally and found certain facts in reaching its verdict, *United States v. Frazier*, 880 F.2d 878, 883 (6th Cir. 1989), and can apply in cases such as this in which the jury acquits on some charges in a multi-count indictment but cannot agree on others. *Id*.

III.

Whitehead contends that all of the counts in the current case should be dismissed because the scheme to defraud alleged in the prior case is nearly identical to the scheme to defraud alleged in the currently pending case. Thus, she submits that the facts decided by the jury in the prior trial preclude the current allegations against her. In order to determine whether the current charges against Whitehead are precluded by the earlier prosecution, a court must determine what facts, if any, the previous jury necessarily and actually determined. *See Dowling v. United States*, 493 U.S. 342, 350-51 (1990).

Whitehead clams that the essential issues of fact in the prior case were whether Whitehead: (1) intended to defraud AAA and Citizens Insurance, and (2) had an agreement with others to defraud. Whitehead suggests that she disputed these allegations at trial by arguing that she (1) did not intend to defraud AAA and Citizens Insurance, and (2) did not act in agreement with others. On this basis, Whitehead argues that the jury must have determined that Whitehead did not have the requisite intent to defraud or an agreement to act with others when they acquitted her.

In support of her position, Whitehead proclaims that she never disputed the Government's evidence relating to her purchase of certain vehicles and their corresponding insurance documents, vehicle reports, and collisions.

Whitehead asserts that she only challenged the evidence which addressed the questions as

4

to (1) whether the Government had proven her intent to defraud AAA and Citizens Insurance, and (2) if she had acted in agreement with others. Thus, it is Whitehead's position that when the jury acquitted her, it must have also determined that she (1) lacked the intent to defraud and (2) did not act in agreement with others.

The Government disputes Whitehead's characterization of the evidence from the prior trial, maintaining that she disputed every element of its case in chief. The Government also asserts that Whitehead cross-examined the Government's witnesses and testified in her in own defense, claiming that she had been framed.

Upon reviewing the parties' submissions, it is not clear to the Court which facts were previously determined by the jury. For instance, when assessing the conspiracy to commit mail fraud charge, the Court notes that the jury was instructed that it had to find three elements beyond a reasonable doubt in order to find guilt, namely: (1) that two or more persons conspired, or agreed to commit mail fraud, (2) that the defendant knowingly and voluntarily joined the conspiracy, and (3) that one of the conspirators did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy. *Sixth Circuit Pattern Jury Instructions* 2.02 and 3.01A.

Whitehead submits that, inasmuch as her only dispute was with the Government's accusation that she had acted in cooperation with another co-conspirator, the jury must have resolved this issue in her favor. However, this argument is only speculation. Whitehead has not established by clear and convincing evidence that the jury must have addressed this matter in her favor; i.e., she did not act in cooperation with another individual as it pertains to this alleged criminal act. In acquitting Whitehead of the conspiracy charge, the jury could have disagreed on either of the two other elements of the charge. It is not clear from the record what factual determinations the jury

made in deciding to acquit Whitehead of the conspiracy charge.

With respect to the mail fraud charges, the jury was instructed that it had to find four elements beyond a reasonable doubt, namely: (1) that the defendant knowingly participated in, devised, or intended to devise a scheme to defraud in order to obtain money or property, as described in the indictment, (2) that the scheme included a material misrepresentation or concealment of a material fact, (3) that the defendant had the intent to defraud; and (4) that the defendant caused another to use the mails in furtherance of the scheme. *Sixth Circuit Pattern Jury Instructions* 10.01. Whitehead submits that she disputed the Government's allegation that she had the intent to participate in the scheme. Whitehead argued that in the acquittal, the jury must have determined that Whitehead lack the intent to defraud. However, it is again conceivable that the jury based its verdict on one of the other three elements. In summary, Whitehead has not been able to establish by clear and convincing evidence that the jury determined that she did not have the intent to participate in the alleged scheme. Arguably, a rational jury could have concluded that the claimed misrepresentations were not material to AAA and Citizens Insurance. Based upon the paucity of evidence as it relates to this issue, the Court cannot isolate facts that the jury addressed and resolved. Hence, Whitehead's motion to dismiss must be denied. (ECF 114).

IT IS SO ORDERED.

Date: June 17, 2013                                    s/Julian Abele Cook, Jr.
                                                       JULIAN ABELE COOK, JR.
                                                       U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 17, 2013.

                                                s/ Kay Doaks
                                                Case Manager